# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EFRAIN HILDALGO,** ) | |
| Plaintiff, ) | Civil Action No. 15-255E |
| ) | |
| v. ) | District Judge Rothstein |
| ) | |
| **PENNSYLVANIA DEPARTMENT** ) | |
| **OF CORRECTIONS,** ) | Magistrate Judge Baxter |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to terminate any pending motions and to close this case.

### II. REPORT

This civil rights action was filed in this Court on October 19, 2015.[1] Plaintiff did not pay the filing fee or file a motion for leave to proceed in forma pauperis.

Because the subject matter of this case was related to Plaintiff's case at 15-203E, both were referred to the Prisoner Mediation Program and a Mediation session was conducted on March 14, 2016. Neither case settled.

By Order dated March 16, 2016, this Court directed Plaintiff to pay the filing fee or seek leave to proceed in forma pauperis before April 1, 2016, or risk dismissal of this case for failure to prosecute. Plaintiff has not complied.

---
[1] This case is similar to Plaintiff's earlier filing at 15-203E.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is several months old, yet Plaintiff has not taken the initial steps in paying the required filing fee. Without Plaintiff's payment of the filing fee, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

### III. CONCLUSION

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute. The Clerk of Courts should be directed to terminate any pending motions and to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation in accordance with the schedule established in the docket entry indicating the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 19, 2016